IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL Z. MALDONADO,

                Petitioner,                              ORDER

    v.

                                                                10-cv-90-bbc

RICK RAEMISCH, Secretary
Wisconsin Department of Corrections,

                Respondent.

---

      This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 challenging a probation revocation. After conducting the preliminary review required by Rule 4 of the Rules Governing 2254 Petitions, on March 22, 2010, United States Magistrate Judge Stephen Crocker entered an order directing respondent to respond to the petition. Now before the court are two motions filed by petitioner: 1) a motion for injunctive relief, dkt. # 6; and 2) a motion to amend his "habeas briefs." Dkt. #5. The motions will be denied.

      In his motion for injunctive relief, petitioner asks for two things: 1) an order transferring Chippewa County criminal case 09-CF-80, in which petitioner is charged with five felony counts of simulating legal process in violation of Wis. Stat. § 946.68(1r)(a), to this court; and 2) an order directing the Wisconsin Department of Corrections to "remove its controlling authority" over petitioner while this case is pending. Neither of these requests is within this court's power to grant. As to the first request, a federal court does not have jurisdiction over pending state criminal prosecutions. As to the second, this court has no basis to order the department to take any action until it determines whether petitioner is lawfully in custody as a result of the revocation of his probation. Although the magistrate judge found that petitioner had stated arguable grounds for thinking he is not, the record has not been developed sufficiently at this

stage of the proceeding to make that determination. Petitioner will have to wait until his case has been decided on the merits before he is entitled to any order releasing him from the department's custody.

Petitioner's second motion, his motion to amend his habeas briefs, will also be denied. The amendment that petitioner seeks to file consists largely of argument in support of petitioner's claim that his revocation proceeding was unfair, objections to the department's polygraph procedure and accusations of wrongdoing on the part of his supervising agent and his superiors at the Department of Corrections. Under the magistrate judge's order, petitioner will have an opportunity to argue his case after respondent submits his answer. Accordingly, I am denying petitioner's motion, without prejudice to his refiling the same document at a later time. To the extent that petitioner suggests that the court might not have understood his claims, I have reviewed petitioner's amendment and am satisfied that his claims are captured adequately in the magistrate judge's Rule 4 order.

ORDER

IT IS ORDERED that

1. Petitioner Daniel Z. Maldonado's motion for injunctive relief, dkt. #6, is DENIED;

2. Petitioner's motion to amend his habeas briefs, dkt. #5, is DENIED. Petitioner is free to submit his amended brief later in the case as one of his submissions permitted under the

March 22, 2010 order.

Entered this 9th day of April, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge