IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DANIEL Z. MALDONADO,

                              OPINION AND ORDER

               Petitioner,

                              10-cv-90-bbc

      v.

RICK RAEMISCH, Secretary,
Wisconsin Department of Corrections,
and AMY WARD, Supervising Agent,

                  Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Daniel Z. Maldonado has filed a petition for habeas corpus relief under 28 U.S.C. § 2254, contesting the lawfulness of the revocation of his state probationary term.  With his petition, petitioner has submitted a request for an evidentiary hearing, which will be denied because the questions petitioner raises are not ones that require the resolution of disputed factual matters.  The petition can be decided from the record developed in the state courts.

Petitioner raises three challenges to his probation revocation proceedings:  (1) the state violated both his Fifth Amendment right not to incriminate himself and his Sixth Amendment right to counsel when it did not allow his lawyer to be present during his polygraph examination on May 22, 2007; (2) he was denied the right to present witnesses

1

and documentary evidence at his revocation hearing; and (3) the Department of Corrections lacked sufficient evidence upon which to base its decision.  I find that petitioner has procedurally defaulted the first two of his challenges and has shown neither cause nor prejudice for this default.  Further, I find that the Wisconsin Court of Appeals' decision upholding the revocation decision is supported by substantial evidence and is not contrary to clearly established federal law.  Therefore, I will deny the petition.

The following facts are taken from the record.

## RECORD FACTS

### A.  Probation Revocation Proceedings

On September 11, 2002, petitioner entered a no contest plea to two counts of causing a minor to view sexual activity.  Sentence was withheld and he was placed on probation for a term of five years.  Petitioner was supervised by Agent Christopher Nolet.

On May 30, 2007, Nolet requested a probation revocation hearing for petitioner. Nolet alleged that petitioner had (1) accessed the internet 75-100 times via a computer modem without his agent's permission; (2) consumed alcohol on March 31, 2007 without his agent's permission; (3) used a computer on May 22, 2007 without his agent's permission; (4) possessed and used an audio recording device without his agent's permission; and  (5) failed to submit to the polygraph examination process, all in violation of Rules of

2

Community Supervision.  Dkt. #11-3 at 6-8.

Petitioner submitted a written statement in which he conceded that he drank alcohol at the end of March 2007 and that he had accessed the internet 75-100 times since 2006. Also, he admitted using an audio recorder hidden in an inside pocket to record his polygraph examination and trying creative imagery and "spacing out" during the examination to calm himself.  He added that he had contemplated taking Ritalin or Adderall to aid in the calming process.  Id. at 21-22.

On August 29, 2007, petitioner had a probation revocation hearing before Mayumi M. Ishii, an administrative law judge employed by the Division of Hearings and Appeals. Petitioner appeared in person and by his counsel, Michael Fitzsimmons.  The Department of Corrections appeared by Christopher Nolet.

On September 7, 2007, Ishii issued a decision revoking petitioner's probation and returning him to court for sentencing.  She found that petitioner had accessed the internet 75-100 times, had drunk wine, used a computer to type a document titled "Polygraph for Danny Maldonado 5/22/07," possessed an audio recording device at his May 22, 2007 polygraph examination and used creative imagery and spacing out to try to skew the results of the examination, all in violation of his rules of supervision.  Id. at 66-70.  Ishii found no alternative to revocation.  Id. at 70.

With the assistance of counsel, petitioner appealed the revocation to the Division of

3

Hearings and Appeals.  Dkt. #11-3 at 78.  On September 27, 2007, David H. Schwartz, Administrator of the Division of Hearings and Appeals, affirmed the decision of the administrative law judge, saying "[e]ven if I assume Daniel Maldonado is confused about his rules prohibiting his use of computers, I am satisfied that he drank alcohol and effectively failed to cooperate with polygraph testing." Id. at 90.   Noting that petitioner had already been given two formal alternatives to revocation, Schwartz concluded that petitioner was a very poor risk on supervision and a poor candidate for another alternative to revocation.  Id.

### B.  State Court Proceedings

Petitioner contested the revocation decision by filing a pro se petition for a writ of certiorari in the Circuit Court for Sauk County.  Dkt. #32-9 (exh. I), 1-15.  On February 8, 2008, the court denied his motion to supplement the record with the test results and videotapes from his three polygraph examinations on the ground that that evidence was not part of the record reviewed by the Division of Corrections.  Dkt. #18-4 (exh. C), at 16-17.

On June 13, 2008, the circuit court affirmed the decision and order revoking petitioner's probation, finding that substantial evidence supported the administrative law judge's decision.  Dkt. #32-11(exh. K).  The court relied on the determination of the administrative law judge that agent Nolet's testimony was more credible than petitioner's on the issue of his computer use.  Also, the court found that petitioner's own statement was

4

substantial evidence to support the conclusion that he had committed the violations of consumption of alcohol, possession of the audio recorder and failure to comply with the polygraph examination.  The court noted that its review was confined to the record before the decision maker and that it had not considered any arguments not before the administrative law judge.  Id. at 5 & 6.

Petitioner appealed the circuit court's decision to the Wisconsin Court of Appeals. In "Ground 1" of his appeal, he argued that the Department of Corrections' refusal to allow counsel to be present at petitioner's polygraph examination was a violation of its own rules, which did not state that a lawyer could *not* be present.  He contended that the department had deceived petitioner's lawyer when it told him that the rules did not allow counsel to be present.  Petitioner did not say that the exclusion of counsel violated his Fifth Amendment right to due process or his Sixth Amendment right to counsel.  On June 17, 2009, the court affirmed the circuit court's decision, finding that "the Department had established by a preponderance of the evidence that Maldonado committed five violations of the terms of his probation."  Dkt. #11-7 (exh. F) (shown as #11-6 on docket), at 3.  The court noted the issue of the exclusion of Maldonado's lawyer from the polygraph examination but declined to address it because it found it irrelevant.  The issue actually presented by the appeal was whether the Division of Hearings and Appeals properly revoked petitioner's probation, not whether petitioner had a right to counsel at an earlier polygraph examination.  Id. at 2.  The

5

court did not consider other arguments raised by petitioner that he had not raised in the circuit court.  Id. at 3.

Petitioner sought review from the Wisconsin Supreme Court, arguing among other things that the state had denied him his rights to due process and assistance of counsel when it refused to allow his counsel to be present for the polygraph examination.  The court denied petitioner's request for review on November 12, 2009.  Dkt. #1-9 (shown as #11-8 on docket) (exh. H).  Petitioner has been released from prison and is serving a term of extended supervision subject to the authority of the Wisconsin Department of Corrections.


OPINION

A.  Procedural Default

Before petitioner may seek a federal ruling on his claims, he must exhaust all the remedies available to him in the state courts and he must fairly present any federal claims in the state courts.   Lemons v. O'Sullivan, 54 F.3d 357 (7th Cir. 1995).  In this case, petitioner did not raise in the state court of appeals his claimed denial of his Fifth and Sixth Amendment rights or the denial of his request to present witnesses and documentary evidence at his revocation hearing.  Moreover, nothing about his appeal would have put that court on notice that he was raising federal claims of due process and right to counsel. Certainly the court would not have understood that he was raising such claims from his

6

reference to the department's alleged violation of its own rules in denying him counsel at his polygraph examination.  He did not say, for example, that he had been denied counsel at a criminal trial or that the polygraph examination put him at any risk of incriminating himself in a separate criminal proceeding.  <u>Minnesota v. Murphy</u>, 465 U.S. 420, 435 n.7 (1984) (probationer facing interrogation about probationary conduct has no federal right to counsel at meeting with supervising agent so long as questions put to him do not pose realistic threat of incrimination in separate criminal proceeding).  In short, he did not fairly present his claims to the state court of appeals.  <u>Baldwin v. Reese</u>, 541 U.S. 27, 33 (2004) (no fair presentment of federal claim when petitioner did not state claim explicitly, did not cite case that might have alerted court to federal nature of claim and did not include in his petition any factual description supporting claim);  <u>Picard v. Connor</u>, 406 U.S. 270, 275-76 (1971) (state prisoner who seeks federal habeas relief must present to state court same claim he urges upon federal courts in order to exhaust his state court remedies).

Petitioner did raise his claims of due process and denial of right to counsel when he petitioned for review by the state supreme court, but by then it was too late.  Once he failed to raise the claims in the court of appeals, he forfeited them.  This means that he can no longer raise these issues in state court and has procedurally defaulted them.

Once a petitioner has procedurally defaulted a claim, a federal court cannot reach the merits of that claim unless the petitioner demonstrates (1) that cause exists for the default

and that he will suffer actual prejudice from failing to raise the claim; or (2) that a "fundamental miscarriage of justice" would follow from enforcement of the default. <u>Gomez v. Jaimet</u>, 350 F. 3d 673, 679 (7th Cir. 2003).   However, I have held that in a case in which a petitioner is not challenging his underlying conviction, but only the revocation of his probation, the fundamental miscarriage of justice exception does not apply because the revocation of probation affected only the manner in which he served his sentence. <u>Sanders v. Paquin</u>, 09-cv-472-bbc, 2009 WL 2450362 (W.D. Wis. Aug. 7, 2009).   Nothing in petitioner's filings suggests that this ruling should not apply to his case.

Petitioner has not shown that he could meet either prong of the cause and prejudice requirement.   He contends that his cause for defaulting on these claims was ineffective assistance of his counsel during the revocation proceedings, but ineffective assistance of counsel cannot serve as cause to excuse procedural default in a § 2254 proceeding unless the claim of ineffective assistance of counsel has been raised before the state courts.   If that claim has been procedurally defaulted, it cannot serve as cause. <u>Edwards v. Carpenter</u>, 529 U.S. 446, 452-53 (2000).   Although petitioner failed to raise a claim of ineffective assistance of counsel in the state circuit court, I cannot say that he would be procedurally barred from doing so.   He may still be able to bring a claim for ineffective assistance at his revocation hearing in a petition for a writ of habeas corpus, <u>State v. Ramey</u>, 121 Wis. 2d 177, 359 N.W.2d 402 (Ct. App. 1984) (allegation of ineffectiveness of counsel not cognizable on

8

appeal of revocation hearing, but may be raised by writ of habeas corpus), but there would be no point in his doing so.   Even if he could still raise that issue, he has failed to show that he would be prejudiced by not being able to raise the claims at this time.

Petitioner cannot show actual prejudice resulting from his failure to raise his Fifth Amendment claim because he would not have prevailed on these claims even if they had been raised.  In <u>Murphy</u>, 465 U.S. at 435 n.7, the Supreme Court held that a probationer does *not* enjoy the Fifth Amendment privilege against compelled self-incrimination when asked questions that are "relevant to his probationary status and pose[] no realistic threat of incrimination in a separate criminal proceeding," even if refusing to answer the questions could result in probation revocation.  Further, "a state may validly insist on answers to even incriminating questions and hence sensibly administer its probation system, as long as it recognizes that the required answers may not be used in a criminal proceeding," <u>id.</u>, and may use the probationer's refusal to answer as a basis for revoking the petitioner's probation.  <u>Id.</u> In petitioner's case, he has not shown that the questions he was asked posed a "realistic threat of incrimination in a separate criminal proceeding."

Also, petitioner has not shown actual prejudice resulting from his failure to raise his Sixth Amendment claim.  He has not cited any United States Supreme Court decision establishing that a probationer has a right to counsel during a polygraph examination required as a condition of supervision.  Because petitioner has not shown that he would have

9

prevailed on his Fifth and Sixth Amendment claims, he has failed to show actual prejudice caused by the procedural default.

Finally, petitioner has not shown that he was prejudiced when he was denied the opportunity to present witnesses and evidence at his revocation hearing.  Although he alleges that he was prevented from presenting agent-client chronological logs and the testimony of his fellow supervision group members, he has failed to show that the outcome of the hearing would have been different had he been allowed to present his evidence at the hearing.


B.  Merits

Under the Antiterrorism and Effective Death Penalty Act of 1996, federal courts may grant a state prisoner habeas relief only if the state court's adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  To grant habeas relief under the "contrary to" clause, a federal court must find that the state court reached a result opposite that reached by the Supreme Court on materially indistinguishable facts.  Williams v. Taylor, 529 U.S. 362, 405 (2000); Jackson v. Miller, 260 F.3d 769, 774 (7th Cir. 2001).  To obtain relief under the "unreasonable

10

application" clause, a habeas petitioner must show that the state court's decision unreasonably extended a clearly established Supreme Court precedent to a factual situation in which it should not have applied or unreasonably refused to extend such precedent to a factual situation in which it should have applied.  Jackson, 260 F.3d at 774.  The state court's factual findings are presumed correct unless the petitioner comes forward with clear and convincing evidence showing that the findings were wrong.  28 U.S.C. § 2254(e)(1); Miller-El v. Cockrell, 537 U.S. 322, 348 (2003).

Petitioner has not made this showing.  Rather, he argues that the court of appeals acted contrary to law when it held that the evidence at his hearing was sufficient to support the revocation decision.

In Douglas v. Buder, 412 U.S. 430, 432 (1973), the United States Supreme Court held that a probation revocation violated the Fourteenth Amendment's due process clause only if it is "totally devoid of evidentiary support."  In this case, the Wisconsin court of appeals found that the department had established by a preponderance of the evidence that petitioner committed five violations of the terms of his probation.  A review of the undisputed facts in the record indicates that petitioner admitted to three of the violations: consuming alcohol, possessing and using an audio recorder and not fully complying with the polygraph examination.  Moreover, the administrative law judge had before her evidence that petitioner had committed five violations of his rules of supervision while on probation.  I

11

conclude that the Wisconsin Court of Appeals' decision was not contrary to clearly established federal law, as determined by the Supreme Court of the United States, and did not involve an unreasonable application of federal law.  Therefore, I will deny petitioner's petition for a writ of habeas corpus.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner.  To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004).  This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one.  For the reasons stated, reasonable jurists would not debate the decision that this petition should be dismissed because petitioner has procedurally defaulted his Fifth and Sixth Amendment claims and his claim that he was denied the right to present witnesses and documentary evidence at his revocation hearing.  The ruling of the Wisconsin Court of Appeals that substantial evidence supported petitioner's probation revocation was not

contrary to federal law.  Therefore, no certificate of appealability will issue.


ORDER

IT IS ORDERED that

1.  Petitioner Daniel Z. Maldonado's petition for a writ of habeas corpus under 28

U.S.C. § 2254 is DENIED.

2.  Petitioner's request for an evidentiary hearing is DENIED.

3.  Petitioner is DENIED a certificate of appealability.  If petitioner wishes he may

seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 20th day of September, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge